ELIZABETH FLETCHER v. DANIEL SCOTTEN.

*Negligence—Injury from defective sidewalk—Liability of adjoining
land-owner.*

1. There is no law which requires a land-owner to build or keep
   up walks, broad or narrow, along every highway, whatever
   may be the case where city authorities under a city charter
   have been allowed to require it on their streets.

2. It is hard for a person to suffer grievous bodily harm, but, in
   the absence of any legal duty which has been violated, the
   law cannot lay the misfortune at the door of the person who
   happens to live on land adjoining the highway where an
   accident occurs, and make him atone for a misfortune he has
   not created.

Error to Wayne.    (Hosmer, J.)    Argued February 7,
1889.   Decided February 15, 1889.

Negligence case.    Plaintiff brings error.    Affirmed.
The facts are stated in the opinion.

*James H. Pound,* for appellant, contended:

1. The sidewalk was a nuisance, and, while the defendant was
   under no obligation to build one, yet, having built one in front
   of his own property, he was bound to keep it in a reasonably
   safe condition, so that passers-by and travelers upon the thor-
   oughfare might not be ensnared thereby to their injury.

2. Defendant received a consideration for building a safe walk,
   from the plaintiff, in her purchase of the property.   I care not
   whether he dug the ditch in question or not.   It had been
   there two or three years without question, and plaintiff was
   entitled to the judgment of the jury as to whether it was a
   nuisance or not under proper instructions, and also as to
   whether the defendant had used reasonable care in reference
   thereto; citing *Sexton v. Zeit,* 44 N. Y. 430; *Irvine v. Wood,*
   51 Id. 224; Cooley, Torts (2d ed.) 718, 736; *Stanton v. City of
   Springfield,* 94 Mass. 569.

*John D. Conely,* for defendant

CAMPBELL, J. Plaintiff sued defendant for alleged injury from negligence in not keeping a plank walk in proper condition. The suit was based, not on violation of contract, but on a common-law duty. The facts appear, in substance, that when the region in question was outside of any city or village, and practically open, defendant sold the plaintiff a lot about two blocks away from the place of the accident, and, as she claims, agreed to build a walk to Michigan avenue along his land lying between, so that she could reach that avenue. She bought the land in 1881, and defendant built a walk two planks wide, which she never objected to, and which continued until December, 1886, when the accident happened, partly, as is claimed, from insufficient width. At this time the street or road had become, by legislation of 1885, a part of the city of Detroit, but the city had never ordered a sidewalk to be built on it. The township highway authorities had dug an open ditch along the side of the road to Michigan avenue, and, in order to give drainage into that avenue, had run the ditch under the plank walk in question. The walk had become slippery with snow and ice, and her feet slipped just as she was passing over the ditch, and she fell so as to damage her seriously.

There is no law which requires a land-owner to build or keep up walks, broad or narrow, along every highway, whatever may be the case when city authorities under a city charter have been allowed to require it on their streets. Mr. Scotten had no more duty to build a walk at all, or of any particular width, in the premises than any farmer would have to furnish a plank walk on the road along his farm. No law can be found which creates such a duty in this State. The declaration does not rest on any contract right, but, if it had done so, no contract was shown which had not been fully performed to the satisfaction of plaintiff. It is hard for a

person to suffer grevious bodily harm, but, in the absence
of any legal duty which has been violated, the law can-
not lay the misfortune at the door of the person who
happens to live on land adjoining the highway where an
accident occurs, and make him atone for a misfortune
he has not created.

The judgment for the defendant must be affirmed.

The other Justices concurred.